# EXHIBIT 1

## HOWMEDICA/ALPHATEC FORENSIC PROTOCOL

1.  No later than ten (10) days after the entry of an order by the Court in *Howmedica Osteonics Corp. v. Steven Garrett, et al.*, Civil Action No. 2:10-cv-21773 (MCA-LDW) requiring the initiation of this protocol, outside counsel for Alphatec will retain a computer forensics company/consultant ("**Forensics Company**") that is mutually acceptable to both Alphatec and Howmedica to conduct the various analyses identified in this Protocol. The Forensics Company will (i) image and examine the laptop computer that was assigned to and used by Steven Garrett during his employment with Alphatec (the "**Alphatec Laptop**")[1] (including, but not limited to, artifacts found in shell bags, jump lists, link files, and internet history) and (ii) provide a forensic report(s) and/or analyses (the "**Forensic Analysis**") to outside counsel for Alphatec and Howmedica with information regarding the following, to determine whether Howmedica or Stryker information was placed on Alphatec computers, networks, or electronic systems:

    (a) a file listing of the documents on the Alphatec Laptop, including metadata and MD5 hash value, since the date upon which the Alphatec Laptop was first used by Mr. Garrett (hereinafter, the "**Provision Date**"[2]);

    (b) a listing of any other data on the Alphatec Laptop, including metadata, deleted items and deletion activity, since the Provision Date;

    (c) a listing of any devices that were attached to or accessed from the Alphatec Laptop since the Provision Date, including but not limited to all metadata associated with such devices and all information concerning the dates, times and transfer activity associated with such devices;

    (d) a listing of any non-Alphatec cloud-based accounts accessed as well as detailed internet browsing history associated with any non-Alphatec cloud-based accounts since the Provision Date, including but not limited to the dates, times and transfer activity associated with such accounts;

    (e) a listing of file access, transfer and deletion activity on the Alphatec Laptop since the Provision Date; and

    (f) a listing of any and all activity in connection with any non-Alphatec email account(s) associated with Mr. Garrett.

---

[1] Alphatec shall provide the Alphatec Laptop to the Forensics Company no later than three (3) business days after it retains the Forensics Company.

[2] Prior to the commencement of the forensic examination of the Alphatec Laptop, outside counsel for Alphatec will provide outside counsel for Howmedica with evidence establishing the Provision Date to the satisfaction of Howmedica. Such evidence shall be provided no later than the date the Alphatec Laptop is provided to the Forensics Company.

2. After the Forensic Analysis is completed, outside counsel for Alphatec and Howmedica will meet and confer to discuss it. To the extent that files containing Howmedica's Proprietary Information are identified in the Forensic Analysis, outside counsel for Alphatec and Howmedica will confer about and agree upon the protocol, methods, and procedures by which to permanently delete/remove any such files from the Alphatec Laptop, as well as to permanently delete/remove any such files from any devices accessed from the Alphatec Laptop, or any accounts or sites accessed or communicated with from the Alphatec Laptop. Outside counsel for Alphatec and Howmedica will also confer and agree upon a protocol for further investigation of items identified in the Forensic Analysis to determine if they contain Howmedica's confidential and proprietary information ("**Howmedica's Proprietary Information**"). To the extent the Forensic Analysis suggests additional analyses would help determine relevant activities by Mr. Garrett, outside counsel for Howmedica and Alphatec will meet and confer to discuss the performance of additional analyses. Outside counsel for Alphatec and Howmedica will also meet and confer to negotiate protections for the information to be provided in the process outlined in this Protocol (such as confidentiality or "Attorneys' Eyes Only" restrictions).

3. Alphatec's outside counsel will undertake a search of any and all emails, including attachments and attachment metadata, sent, received, or prepared by Mr. Garrett at any time (whether using his Howmedica, Stryker, personal, or Alphatec email addresses) on Alphatec's electronic mail server(s) or the Alphatec Laptop and perform a diligent review of any such emails to determine:

   (a) whether any such emails contain Howmedica Proprietary Information; and

   (b) whether any such emails reflect communications with or about the Howmedica customers that Mr. Garrett was prohibited from contacting by the Confidentiality, Intellectual Property, Non-Competition and Non-Solicitation Agreement he signed during his Howmedica employment (the "**Restrictive Covenant Agreement**").

Prior to commencing the review set forth in this paragraph 3, outside counsel for Alphatec will confer with outside counsel for Howmedica to reach agreement on the approach counsel for Alphatec will take in conducting the review and methods it will utilize to identify emails containing Howmedica confidential information. In preparation for the review set forth in paragraph 3(b), outside counsel for Alphatec will prepare a list of customers for whom Mr. Garrett was assigned responsibility and/or whom Mr. Garrett communicated with or about. This list shall be provided to counsel for Howmedica. Counsel for Howmedica will compare the customers identified with those on the customer list it provided to counsel for Mr. Garrett and inform counsel for Alphatec which of the customers appear on both lists (such customers, the "**Customers**") to determine the emails to provide to counsel for Howmedica per the terms of paragraph 5.

4. Alphatec's outside counsel will provide the emails meeting or potentially meeting the condition of paragraph 3(a) to Howmedica's outside counsel no later than twenty-one (21) days after the initiation of this Protocol (unless otherwise agreed to by the parties). Thereafter, Howmedica's outside counsel will determine whether any such emails need to be permanently deleted/removed from the Alphatec Laptop and/or Alphatec's electronic systems and/or servers, including any backups or archives made of such systems or servers. If a determination is made

that the emails referenced in this paragraph 4 need to be deleted/removed, outside counsel for Alphatec and Howmedica will confer about and agree upon the protocol, methods, and procedures by which to provide such information to Howmedica (if appropriate) and permanently delete/remove such information from Alphatec's electronic systems and/or servers, and Alphatec will confirm in writing that such deletion/removal has occurred.

5. With respect to any emails meeting the condition of paragraph 3(b), no later than twenty-one (21) days after the initiation of this Protocol (unless otherwise agreed to by the parties) Alphatec's outside counsel will provide any emails relating to the Customers to Howmedica's outside counsel for review to determine whether such emails contain Howmedica's Proprietary Information and, if so, need to be permanently deleted/removed from the Alphatec Laptop and/or Alphatec's electronic systems and/or servers, including any backups or archives made of such systems or servers. If emails containing Howmedica's Proprietary Information are identified by Howmedica's outside counsel pursuant to this paragraph 5, outside counsel for Alphatec and Howmedica will confer about and agree upon the protocol, methods, and procedures by which to permanently delete/remove such information from Alphatec's electronic systems and/or servers, and Alphatec will confirm in writing that such deletion/removal has occurred. Outside counsel for both sides will also meet and confer concerning Howmedica's retention of any such emails for litigation or other purposes.

6. The Forensics Company will identify all of Mr. Garrett's activity on Alphatec's file servers or network(s) that were used and accessed by Mr. Garrett during his employment with Alphatec to determine the non-email files he accessed, modified, deleted, and/or created during his employment with Alphatec. Such review will commence no later than five (5) business days after Alphatec retains the Forensics Company. Outside counsel for Alphatec will provide a file listing, including metadata and MD5 hash, of the documents identified by the Forensics Company to outside counsel for Howmedica within two (2) business days after receiving it from the Forensics Company. After Howmedica's outside counsel has reviewed the information provided pursuant to this paragraph 6, outside counsel for Alphatec and Howmedica will confer to discuss the findings, what additional information Howmedica requires to fully assess the findings, whether and how to transfer such documents to Howmedica's outside counsel for review and/or retention, and the steps needed to permanently remove any of Howmedica's Proprietary Information from Alphatec's electronic systems or servers.

7. If an examination of the Alphatec Laptop reveals that Mr. Garrett transferred any of Alphatec's data or files (collectively, "**Alphatec's Proprietary Information**") to the hard drive Mr. Garrett used to take Howmedica information, the parties agree to undertake the following protocol:

    (a) Alphatec will deliver to counsel for Howmedica a list reflecting the Alphatec's Proprietary Information on the Garrett Hard Drive that shall include a file listing containing metadata and MD5 hash value of Alphatec's Proprietary Information;

    (b) Howmedica agrees to treat Alphatec's Proprietary Information as "Attorneys' Eyes Only" for the pendency of its litigation against Mr. Garrett

     or potentially any related litigation against Alphatec, provided that such information is in fact proprietary or otherwise entitled to such protection;

  (c) Outside counsel for Alphatec and Howmedica will confer about and agree upon the methods and procedures by which to permanently delete/remove Alphatec's Proprietary Information from the Garrett Hard Drive, and Howmedica will provide a declaration certifying that such removal has been undertaken and completed and, further, that Alphatec's Proprietary Information has not been copied or transferred and will not be retained or used in any way; and

  (d) Notwithstanding the foregoing subsections 8(a) through (c), if counsel for Howmedica presents a good faith basis for the belief that Alphatec's Proprietary Information identified pursuant to this paragraph contains or may contain any of Howmedica's Proprietary Information or is potentially relevant to potential or actual litigation against Alphatec or pending litigation against Mr. Garrett, counsel for Alphatec and Howmedica will meet and confer to address how to treat such data or files.

 8. Howmedica and Alphatec will share equally the costs charged by the Forensics Company; however, in no case will Howmedica's contribution to the Forensics Company's charges exceed $10,000.00 (i.e., any amounts charged by the Forensics Company up to $20,000.00 will be shared equally between the parties; any amounts charged by the Forensics Company that exceed $20,000.00 will be borne by Alphatec exclusively).